# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### DECEMBER 1998 SESSION

FILED

March 30,1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 01C01-9801-CR-00017** |
| Appellee, | ) | |
| | ) | **DAVIDSON COUNTY** |
| VS. | ) | |
| | ) | **HON. CHERYL BLACKBURN,** |
| **CARLA MARIE PARRISH,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:        FOR THE APPELLEE:

**KARL DEAN**
District Public Defender

**JEFFREY A. DeVASHER**
Asst. Public Defender
    (On Appeal)

**RICHARD TENNENT**
Asst. Public Defender
1202 Stahlman Bldg.
211 Union St.
Nashville, TN 37201
    (At Hearing)

**JOHN KNOX WALKUP**
Attorney General & Reporter

**DARYL J. BRAND**
Asst. Attorney General
Cordell Hull Bldg., 2nd Fl.
425 Fifth Ave., North
Nashville, TN 37243-0493

**VICTOR S. JOHNSON, III**
District Attorney General

**SHARON BROX**
Asst. District Attorney General
Washington Square, Suite 500
222 Second Ave., North
Nashville, TN 37201-1649

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

On September 29, 1997, the defendant pled guilty, pursuant to a plea agreement, to two counts of simple robbery. At the subsequent sentencing hearing, the trial court applied five statutory enhancement factors but found no applicable mitigating factors. The trial court then sentenced the defendant as a Range II multiple offender to a term of ten years on each count to run concurrently.

The defendant now appeals and challenges the length of her sentence. The defendant contends that the trial court erroneously applied enhancing factors T.C.A. § 40-35-114(1), that the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (3), that the offense involved more than one victim; (9), that the defendant possessed a deadly weapon during the commission of the offense; (10), that the defendant had no hesitation about committing a crime when the risk to human life was high; and (16), that the crime was committed under circumstances for which the potential for bodily injury to a victim was great.

The defendant's convictions stemmed from two incidents that occurred in the early morning hours of December 18, 1996. The defendant entered a Subway restaurant and ordered a sandwich. After an employee entered the order into the register and told the defendant the price, the defendant told the employee to give her all the money in the register and pulled out a knife. The defendant then grabbed the employee and swung the knife at him. Another employee, who had been talking on the phone in the back room, heard the commotion and turned around in time to witness the incident. The employee at the register was yelling for his co-worker's help but the co-worker "didn't know what to do, because [he] hadn't ever been through this before." At this point, the defendant grabbed the register and repeatedly smashed it against the floor until it

2

opened. The defendant took the money from the register and exited the store.

Later that morning, the defendant entered a Circle K convenience store. After filling out a job application, the defendant approached the register to purchase a small item. When the clerk rang up the order, the defendant grabbed the clerk, threatened the clerk with a weapon,[1] reached for the register, and tried to pull it off the counter. A struggle ensued between the defendant and the clerk. The manager heard the clerk scream, went behind the counter, and tried to pull the register away from the defendant. The defendant ultimately was able to pull the register off of the counter and throw it to the ground. The register opened after the defendant dropped it on the floor several times. The defendant then took the money from the register and left the store. However, the manager of the store and a customer followed the defendant outside. The defendant turned around and threatened the customer with a piece of wood. The defendant was subsequently arrested when the police arrived on the scene and found her in a nearby residence.

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The Sentencing Reform Act of 1989 established a number of specific procedures to be followed in sentencing. This section mandates the court's consideration

---

[1]The store clerk believed the weapon was an ice pick.

of the following:

> (1) The evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

T.C.A. § 40-35-210.

In addition, this section provides that the minimum sentence within the range is the presumptive sentence. If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range. The weight to be given to each factor is left to the discretion of the trial judge and is accorded a presumption of correctness unless the trial court applies inappropriate factors or otherwise fails to follow the purposes and principles of the 1989 Sentencing Act. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

The defendant first challenges the trial court's application of enhancing factor (1), that the defendant has a previous history of criminal convictions or behavior. The defendant argues that although she was adjudicated delinquent as a juvenile for joyriding and she has an admitted history of drug abuse, there was insufficient evidence to constitute a history of criminal convictions or criminal behavior. The defendant's juvenile record consists of one count of joyriding, a Class A misdemeanor if committed by an adult. T.C.A. § 39-14-106. As such, we agree that the defendant's juvenile record was not a sufficient basis upon which to apply this enhancement factor. See State v. Brent Brown, No. 02C01-9710-CC-00419, Hardeman County (Tenn. Crim. App. filed

4

October 26, 1998, at Jackson). However, the defendant's drug use as an adult is evidence of a history of criminal behavior. See State v. Alexander, 957 S.W.2d 1, 7 (Tenn. Crim. App. 1997). As such, this enhancement factor was properly applied.

The defendant next contends that the trial court erred in finding that the offenses in this case involved more than one victim. The defendant contends that there was only one victim in each robbery, the employee attending the cash register. This Court has held that the term "victim" as used in T.C.A. § 40-35-114(3) "is limited in scope to a person or entity that is injured, killed, had property stolen, or had property destroyed by the perpetrator of the crime." State v. Raines, 882 S.W.2d 376, 384 (Tenn. Crim. App. 1994). This Court has further held that the term "injury" encompasses not only physical bodily injury, but emotional injuries and psychological scarring as well. State v. Michael Wilson, No. 01C01-9602-CC-00073, Putnam County (Tenn. Crim. App. filed July 31, 1997, at Nashville); see also State v. Kenneth W. Ervin, No. 03C01-9707-CC-00311, Blount County (Tenn. Crim. App. filed October 2, 1998, at Knoxville).

In the case at bar, the defendant entered a Subway restaurant, pulled out a knife, swung it at one of the employees, and threw the register on the ground until it opened. Although the knife barely missed the employee's face and chest, it did cut his hand such that he had to have a tetanus shot. In addition, the employee in the back room testified that he was frightened by the incident. In fact, he could not even attempt to render assistance to the other employee who was yelling for his help. Both employees testified that they would probably never work in a restaurant again as a result of this incident. As such, it seems clear that both Subway employees were emotionally injured, and one was physically injured, during this robbery. Therefore, there were two victims within the realm of risk or danger in the Subway robbery and enhancement factor (3) was properly applied to enhance the sentence in the count pertaining to that robbery.

5

In the robbery of the Circle K convenience store, the defendant threatened the clerk with some type of weapon, grabbed her, ripped her shirt, and tried to pull the register away from her. As the two women struggled, the manager, who testified she was very scared throughout the robbery, attempted to assist the clerk, but the defendant managed to pull the register to the floor. The defendant then left the store with the money as the clerk behind the register continued to cry and scream. The manager and a customer followed the defendant out of the store. After realizing she was being followed, the defendant threatened the customer with a piece of wood. As a result of this incident, the "terrified" clerk left work that night and never returned. It is clear that more than one person was emotionally injured during this robbery. In fact, the manager and the clerk both physically struggled with the defendant in an attempt to retain control over the register. As such, at least two, if not three, people within the realm of risk of danger were injured during the course of this robbery. Therefore, enhancement factor (3) was properly applied to enhance the count pertaining to the Circle K robbery.

The defendant also contends that the trial court erred in applying enhancement factor (9), that the defendant possessed or employed a deadly weapon during the commission of the offense, with regard to the robbery of the Circle K convenience store.[2] The defendant argues that she was not in possession of a weapon during that robbery and the evidence indicating otherwise was insufficient to support the application of this enhancement factor. However, T.C.A. § 40-35-210 mandates that a court consider all the evidence received at trial when sentencing a defendant. The manager of the Circle K convenience store testified that the clerk reported the defendant was carrying a weapon. This Court has held,

> The trial court, as the trier of fact at sentencing hearings, has the opportunity to observe the manner and the demeanor of the witnesses. Consequently, this Court gives great weight to the determinations made by the trial court concerning the cred-

[2] The defendant concedes that this enhancement factor was properly applied with regard to the robbery of the Subway restaurant.

6

ibility of the witnesses; and this Court will not interfere with the trial court's findings of fact in this regard unless the evidence contained in the record clearly preponderates against these findings.

State v. Melvin, 913 S.W.2d 195, 202 (Tenn. Crim. App. 1995) (citing Raines, 882 S.W.2d at 383). As it was within the province of the trial court to decide the credibility of witnesses at the sentencing hearing, we find the trial judge did not abuse her discretion by crediting the testimony of the manager and the accuracy of her report over the testimony of the defendant. Additionally, the defendant has failed to offer any evidence that would preponderate against the trial court's findings.[3] As such, application of enhancement factor (9) was proper.

The defendant next contends that the trial court erred in applying T.C.A. § 40-35-114(10), that she had no hesitation about committing a crime when the risk to human life was high, and (16), that the crime was committed under circumstances for which the potential for bodily injury to a victim was great.[4] The Tennessee Supreme Court recently held that

> enhancement factors (10) and (16), are not, as a matter of law, essential elements of the offense of robbery, and may be properly utilized when imposing a sentence for robbery so long as the facts which establish the elements of the offense are not also relied upon to establish the enhancement factors. This determination is dependent upon the particular facts of each case.

State v. Lavender, 967 S.W.2d 803, 809 (Tenn. 1998). The Supreme Court further stated that "[i]n determining whether a particular enhancement factor may be applied in

---

[3] The defendant asserts that the videotape of the Circle K convenience store robbery corroborates her testimony because it does not show the defendant with a weapon. This assertion is incorrect. The videotape, due to the camera's location, is inconclusive as to whether the defendant threatened the clerk with a weapon.

[4] We note that the case law relied upon by the defendant with regard to enhancement factor (10) is not applicable to the case at bar. None of the cases cited by the defendant address the crime of robbery with respect to this enhancement factor. Although these cases hold that this enhancement factor is not applicable unless people other than the victim are put in danger, the reasoning of these cases is based on the fact that this enhancement factor is an essential element of the crime. As that is not the case with regard to the crime of robbery, these cases are inapposite here. See State v. Hicks, 868 S.W.2d 729, 732 (Tenn. Crim. App. 1993); State v. Calvin Wayne Suggs, No. 01C01-9411-CC-00390, Dickson County (Tenn. Crim. App. filed October 10, 1996, at Nashville perm. app. denied March 10, 1997); State v. Gregory Maurice Brooks, No. 02C01-9411-CV-00261, Madison County (Tenn. Crim. App. filed July 19, 1995, at Jackson).

7

a specific case, the trial court must consider the elements of the offense and the evidence adduced at the trial and sentencing hearing." Id. at 807.

Robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." T.C.A. § 39-13-401(a). "Theft" of property occurs when a person "with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." T.C.A. § 39-14-103. In the case at bar, the evidence shows that the defendant, in both robberies, placed the employee at the register in fear by exhibiting a weapon. The defendant then reached for the register, took control of the store's property, and left the premises without consent. These facts support the elements of the offense of robbery.

In the case of the Subway robbery, in addition to robbing the store, the defendant pulled out a knife with a ten-inch blade and swung it at an employee, narrowly missing his face and chest. If the defendant had cut the employee with this knife, the chance that he could have suffered serious injuries was certainly high. These circumstances support the application of enhancement factor (10) with regard to the Subway restaurant robbery. As for the Circle K convenience store robbery, the defendant not only robbed the store but also pointed an ice pick at the clerk while grabbing her shirt and trying to pull her closer to the counter. The defendant then struggled with her and the manager to obtain control over the register. The defendant's actions certainly created a high risk that the clerk behind the register could have been stabbed and killed. The facts of these cases support the trial court's conclusion that the defendant had no hesitation about committing a crime when the risk to human life was high. T.C.A. § 40-35-114(10).

In regard to enhancement factor (16), the Tennessee Supreme Court has

found this factor applicable in robbery cases as long as the facts supporting its application are not the same facts used to establish the elements of the offense. Lavender, 967 S.W.2d at 809. As stated earlier, all of the elements of robbery were clearly met. Furthermore, the proof showed that the defendant swung a knife at one of the Subway employees, pointed a weapon at the clerk in the Circle K store, threatened a customer outside the Circle K store with a piece of wood, and repeatedly smashed a somewhat heavy cash register on the floor while others were in the vicinity. These circumstances support the trial court's conclusion that the crime was committed under circumstances for which the potential for bodily injury to a victim was great. T.C.A. § 40-35-114(16).

In sum, the trial court properly applied enhancement factors (1), (3), (9), (10), and (16) to both robbery convictions. In light of the foregoing applicable enhancement factors and the lack of applicable mitigating factors, we find that the trial court did not err in sentencing the defendant to the maximum sentence within the range.

Accordingly, we affirm the judgment of the court below.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
NORMA McGEE OGLE, Judge

9